IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW LAMON, R-16056, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-1176-GPM |
| ) | |
| KENNY BROWN, ANGELA WINDSOR, ) | |
| MRS. TICER, JOE RUPCICH, ) | |
| LT. SCHULER and ) | |
| UNKNOWN INVESTIGATOR, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**Murphy, District Judge:**

Plaintiff, Andrew Lamon, is currently incarcerated at Pontiac Correctional Center, ("Pontiac") and has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional violations at Big Muddy Correctional Center ("Big Muddy"). Plaintiff claims that his First Amendment rights were violated by Defendants. Specifically, Plaintiff states that between January 12, 2012, and May 23, 2012, Defendants threatened Plaintiff for his participation as a witness in a lawsuit against the Illinois Department of Corrections. Moreover, Plaintiff claims Defendants wrongfully placed him in segregation, prematurely terminated his job assignment and ultimately transferred him to Pontiac, a facility with a higher security classification.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds Plaintiff has stated a claim against Defendants Brown and Schuler for retaliation. Plaintiff's claims against Defendant Windsor, the Warden of Big Muddy, Mrs. Ticer, Assignment Officer, Attorney General Rupcich

and Unknown Investigator, however, shall be dismissed with prejudice for failure to state a claim.

Plaintiff has not alleged that any one of these individuals was personally responsible for any acts of retaliation. Warden Windsor cannot incur liability merely through her position as a supervisor. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

Assistant Attorney General Rupcich, and the Unknown investigator were merely carrying out their duties toward Plaintiff as a named witness in a lawsuit against the Illinois Department of Corrections. "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff has not linked either of these Defendants to any of the retaliatory conduct about which he makes claims. These defendants shall be dismissed with prejudice.

**Pending Motions**

Plaintiff filed a motion for leave to file an amended complaint (Doc. 9) on January 28, 2013, more than seven months after filing his original complaint in the Central District of Illinois. At this time, Plaintiff's motion will be **DENIED, without prejudice**.

Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP") on January 28, 2013 (Doc. 10). Plaintiff states in his motion that the Central District of Illinois denied his original motion for leave to proceed IFP. According to the docket sheet, it appears that this is correct. However, the Central District of Illinois, after denying Plaintiff's motion for IFP, assessed an initial partial filing fee of $5.00 and ordered monthly payments. Thus far, Plaintiff

has made four payments toward the $350.00 filing fee, including the initial partial payment of $5.00.  Therefore, Plaintiff's motion for leave to proceed IFP (Doc. 10) will be **GRANTED**, and Plaintiff is **ORDERED** to continue making payments toward the $350.00 filing fee as follows: Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $350.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the $350.00 filing fee is paid.  Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.  The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff and to the Trust Fund Officer at the Shawnee Correctional Center *upon entry of this Order*.

**Disposition**

Defendants **WINDSOR, TICER, RUPCICH** and **UNKNOWN INVESTIGATOR** are **DISMISSED with prejudice**.

The Clerk of Court shall prepare for Defendants **BROWN** and **SCHULER**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** February 6, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge