UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREW LAMON,

    Plaintiff,

v.

KENNY BROWN, ANGELA WINDSOR,
MRS. TICER, JOE RUPCICH, LT. SCHULER,
JOE RUPCICH and UNKNOWN
INVESTIGATOR,

    Defendants.

Case No. 12-cv-1176-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 34) of Magistrate Judge Donald G. Wilkerson recommending that the Court grant in part and deny in part the defendants' motion for summary judgment for failure to exhaust administrative remedies (Doc. 23) and to add a claim for violation of plaintiff Andrew Lamon's Eighth Amendment rights based on defendants Brown's alleged threats to injure or kill him. Specifically, after holding a hearing pursuant to *Pavey v. Conley*, 663 F.3d 899 (7th Cir. 2011), Magistrate Judge Wilkerson recommends the motion be granted as to defendant Schuler and denied as to defendant Brown. Defendant Brown has objected to the Report (Doc. 37) to the extent it relates to the claims against him.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court has reviewed the Report as it relates to the claims against defendant Schuler and find no clear error. It now turns to the Report as it relates to the claims against defendant Brown, which the Court will review *de novo*.

This case stems from plaintiff Andrew Lamon's allegations that the defendants retaliated against him for testifying in another inmate's case against the Illinois Department of Corrections ("IDOC") beginning in January 2012. Lamon is an inmate in IDOC. At the hearing, Lamon testified that he had submitted an emergency grievance to the warden on January 12, 2012, complaining of Brown's conduct alleged in this case. He testified he never received a response. Magistrate Judge Wilkerson found Lamon credible and that he had exhausted all remedies available to him relating to Brown's alleged threats of physical injury or death, which occurred before January 12, 2012, but not as to Brown's alleged decision to fire Brown from his job, which occurred after January 12, 2012. Magistrate Judge Wilkerson further recommends that, in light of *Dobbey v. Illinois Department of Corrections*, 574 F.3d 443, 445 (7th Cir. 2009), Lamon also be allowed to proceed on an Eighth Amendment claim based on Brown's alleged threats of injury or death.

The defendants essentially find fault with Magistrate Judge Wilkerson's decision that Lamon's testimony about his January 12, 2012, emergency grievance was credible. They note that Lamon presented only his own testimony that he filed the emergency grievance and that he did not follow up when he received no response. They also argue verbal harassment is insufficient to sustain a claim for retaliation in violation of the First Amendment or for cruel and unusual punishment under the Eighth Amendment.

As for Lamon's credibility, Magistrate Judge Wilkerson saw him testify and is in the best position to judge his demeanor. Furthermore, Magistrate Judge Wilkerson explained in the

2

Report his reasons for finding Lamon credible, and the Court will not second guess that judgment. Additionally, the Court has reviewed the transcript of the *Pavey* hearing and finds nothing that is inconsistent with Magistrate Judge Wilkerson's finding or that leads the Court to a different conclusion.

As for the sufficiency of verbal harassment to support a First Amendment retaliation or Eighth Amendment cruel and unusual punishment claim, it is important to distinguish between run-of-the-mill verbal harassment, like rudeness or defamation, and threats of death or serious injury. For retaliation purposes, the adverse action committed in retaliation for the exercise of a First Amendment right must be something that would likely deter the exercise of that right in the future. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Threats of death or violence from someone in a position to carry through on the threats could fall into this category. As Magistrate Judge Wilkerson noted, the specifics of the threats to Lamon prior to January 12, 2012, and their potential to deter a person of ordinary firmness from exercising his First Amendment rights can be explored during discovery. *See id.* at 552 (reserving for the summary judgment stage the question of whether "harassment by numerous prison employees in a variety of ways over a period of several months" was sufficient adverse action to support a First Amendment retaliation claim). Similarly, threats or mental torture can rise to the level of cruel and unusual punishment, *Dobbey*, 574 F.3d at 445, but whether the alleged threats from Brown prior to January 12, 2012, did so is a question to be explored during discovery and resolved at a later stage of this litigation.

For the reasons stated above, the Court finds the Report was correct in its conclusions as to the claims against Brown. Accordingly, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 34);

- **GRANTS in part** and **DENIES in part** the defendants' motion for summary judgment for failure to exhaust administrative remedies (Doc. 23);

3

- **DISMISSES** Lamon's claims in this case against defendant Schuler **without prejudice** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a);

- **ORDERS** that the Complaint shall be construed to include a claim for violation of the Eighth Amendment cruel and unusual punishment clause for the threats Brown allegedly made to Lamon prior to January 12, 2012; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:   December 12, 2013**

                                          s/J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**