UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW LAMON,<br><br>      Plaintiff,<br><br>      v.<br><br>KENNY BROWN, ANGELA WINDSOR,<br>MRS. TICER, JOE RUPCICH, LT. SCHULER,<br>JOE RUPCICH and UNKNOWN<br>INVESTIGATOR,<br><br>      Defendants. | Case No. 12-cv-1176-JPG-DGW |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Andrew Lamon's motion to reconsider (Doc. 44) the Court's December 12, 2013, order (Doc. 40) adopting Magistrate Judge Donald G. Wilkerson's October 3, 2013, Report and Recommendation ("Report") (Doc. 34) and dismissing Lamon's claims against defendant Kenny Brown for failure to exhaust administrative remedies to the extent his claims rested on Brown's decision to fire Lamon from his prison job. The Court found Lamon's January 12, 2012, emergency grievance could not have exhausted his administrative remedies regarding the loss of a job because he had not lost his job as of January 12, 2012. Lamon now asks the Court to consider evidence that he had his job *and Brown threatened to take it from him* – threats that Lamon has not raised until now – before January 12, 2012. He offers no legitimate reason for failing to present this argument or documentation in his summary judgment briefing or in an objection to the Report or for testifying to the contrary in front of Magistrate Judge Wilkerson, *see* Transcript of *Pavey* hearing at 9 (Doc. 35).

The Court considers this motion under Federal Rule of Civil Procedure 60(b) since Lamon placed it into the prison mail system on January 14, 2014, 33 days after the Court entered its order adopting the Report. Where a substantive motion for reconsideration is filed within 28 days of entry of judgment and asserts a ground for relief under Rule 59(e), the Court will construe it as a motion pursuant to Rule 59(e); motions asserting grounds for relief under Rule 60(b) or later motions will be construed as pursuant to Rule 60(b). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (motions filed within Rule 59(e) period construed based on their substance, not their timing or label); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (considering prior version

of Fed. R. Civ. P. 59(e) providing ten-day deadline for motion to alter or amend judgment).

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.  *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).  Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law."  *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief.  *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995).  It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision.  *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).

Here, Lamon raises arguments that are irrelevant to his claims in this case and/or should have been raised before the Court made its decision on exhaustion.  For these reasons, the Court **DENIES** his motion to reconsider (Doc. 44).

**IT IS SO ORDERED.**
**DATED:   January 21, 2014**

```
                                   s/ J. Phil Gilbert
```
**J. PHIL GILBERT**
**DISTRICT JUDGE**

2