IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREW LAMON,                          )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )        Case No. 3:12-cv-1176-JPG-DGW
                                       )
KENNY BROWN,                           )
                                       )
        Defendant.                     )

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Leave to Expand the Record (Doc. 47) and the Motion for Recruitment of Counsel (Doc. 49) filed by Plaintiff, Andrew Lamon, on January 21, 2014 and January 24, 2014, respectively.   The Motions are **DENIED WITHOUT PREJUDICE**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter.   *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).   However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so).   *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ."   *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.").   In order to make such a determination, the Court may

consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record.   *Pruitt*, 503 F.3d at 655-656.   Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel.   *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has made a sufficient attempt to secure counsel without Court assistance. Nonetheless, counsel will not be recruited in this matter.   Plaintiff has demonstrated both in writing and at the hearing held on September 17, 2013 that he is capable of prosecuting his claims against the sole remaining Defendant in this matter.   Plaintiff is able to read and write English, he is capable of following directing, and he is capable of seeking relief.   Moreover, the claims in this case are limited in time (covering only 6 months) and are against one Defendant.   Extensive discovery and expert discovery will not be required.   Plaintiff is capable of litigating without the assistance of counsel.   In the event that this matter goes to trial, this Court may reconsider recruitment of counsel.

As to the "Motion to Expand the Record," it is unnecessary to file an affidavit in support of his claim he was threatened by Defendant Brown.   In the event that Defendant Brown files a motion for summary judgment on the merits of Plaintiff's claims, he may file the affidavit in support.

In light of the foregoing, both Motions are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATED: January 27, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**